U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ALEXIS ANIN                    CIVIL ACTION: 04-2249, SECTION "P"

VERSUS                         JUDGE JAMES

JOHN A. MATA, ET AL.           MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (Doc. #19) filed by the defendants in the above-captioned matter. Plaintiff Alexis Anin ("Anin") filed a Petition for Writ of Habeas Corpus *in forma pauperis* on November 2, 2004, claiming that his continued confinement violates INA § 241(a)(6), as interpreted in Zadvydas v. Davis, 533 U.S. 678 (2001), his right to substantive due process, procedural due process, and equal protection.

Defendants have filed a motion for summary judgment arguing that, since Anin is currently within removal proceedings, he is not entitled to release from custody of the United States Immigration and Customs Enforcement. (Doc. #19, p. 1-2.) For those reasons cited by the defendants, as well as the reasons discussed herein, the undersigned finds that summary judgment is proper and that Anin's petition should be dismissed.

## Factual Background

Petitioner is a native of Bukina-Faso who originally entered the United States in 1991. He remained in the U.S. without seeking approval from the Immigration and Naturalization Service ("INS").

(Doc. #11, p.2.) Anin was eventually removed to Burkina-Faso in 1999. In June 2000, Anin fled to France where he applied for asylum. (Doc. #11, p.3.) In September 2000, Anin was visited by agents of the Bukina-Faso National Secret Police. Feeling unsafe, Anin fled to Bordeaux where he obtained a forged French passport to facilitate his travel to the U.S. (Doc. #11, p.3-4.) Anin re-entered the U.S. on November 15, 2000. Anin obtained a forged Social Security card, and was thereafter arrested. He was convicted on September 17, 2003, of conspiracy to commit Social Security fraud in violation of 18 U.S.C. § 371 in the United States District Court for the Northern District of Georgia. He was sentenced to serve ten months in prison. (Doc. #11, p.4.)

## Law and Analysis

Defendants claim that Anin is not entitled to relief under Zadvydas. Specifically, the defendants point out that, under Zadvydas, an alien must establish: (1) post-removal order detention in excess of six months at the time of the filing of his or her petition; and (2) good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. (Doc. #19, p. 3.) Defendants claim that Anin cannot meet even the first prong under Zadvydas because "the very question of Anin's removal from the United States appears to remain open..." as a hearing in the Anin matter was scheduled for June 28, 2005, before the Immigration Court in Atlanta, Georgia. (Doc. #19, p. 1-

3.) Thus, the defendants argue that, since there is no final removal order in this matter, Anin's petition is premature.

In his petition, Anin does not challenge the constitutionality of the reinstatement order; rather, he contests the length of his confinement. Anin submits that his petition is not premature because a final order of removal has been issued in his case. Anin has submitted a copy of a July 21, 2004, "Decision, Order, and Officer's Certification" from the INS purportedly reinstating Anin's prior removal order in accordance with section 241(a)(5) of the Immigration and Nationality Act.[1] (Doc. #21, Exhibit A.) The question is whether that reinstatement order is a "final order" to start the tolling of the six month presumptively reasonable time period for removal.[2]

---

[1]INA § 241(a)(5) (also, 8 U.S.C.S. § 1231(a)(5)) provides: If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry.

[2]In Zadvydas, the Supreme Court held that the post-removal order detention statute, 8 U.S.C. § 1231, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal from the United States. See Shokeh v. Thompson, 369 F.3d 865, 867 n.2 (5th Cir. 2004), citing Zadvydas v. Davis, 533 U.S. 687, 688-98 (2001). Section 1231 does not permit indefinite detention. See id. The Fifth Circuit, on remand in Zadvydas, interpreted the presumptively reasonable time period to commence from the beginning of the removal period. Zadvydas v. Davis, 285 F.3d 398, 403 (5th Cir.

3

Presumably, what the defendants here are arguing is that, despite the July 21, 2004, "Decision, Order, and Officer's Certification," a hearing before an immigration judge is a necessary component of whether the prior deportation order may be reinstated. That hearing was scheduled for June 28, 2005.

Pursuant to § 241(a)(5), the INS promulgated regulations outlining the procedures for reinstating an alien's prior deportation order. Pursuant to 8 C.F.R. § 241.8, the alien is not entitled to a hearing before an immigration judge. Rather, the regulation provides that an INS officer determines (1) the identity of the alien; (2) whether the alien was subject to a prior order of removal; and (3) whether the alien unlawfully reentered the United States. See Ojeda-Terrazas v. Ashcroft, 290 F.3d 292 (5th Cir. 2002), citing 8 C.F.R. § 241.8. However, according to Morales-Izquierdo v. Ashcroft, 388 F.3d 1299, 1304 (9th Cir. 2004), the immigration judge has the sole and express authority under the INA to determine whether a prior deportation order should be reinstated under 8 U.S.C.S. § 1231(a)(5). The Morales-Izquierdo court found that, to the extent that 8 C.F.R. § 241.8 goes beyond the authority of the INA by eliminating the judge's express authority under 241(a)(5), the regulation is ultra vires to INA § 240(a). Still, regardless of whether Anin was or was not entitled to a hearing before an immigration judge, it appears that one had nonetheless

2002).

been scheduled for him for June 28, 2005, and it presumably has been held.

Therefore, if the final determination regarding Anin's removal was still open, as the defendants argue, pending the hearing before the immigration judge on June 28, 2005, then Anin's claim was premature, and he cannot obtain relief under Zadvydas pursuant to the current petition before this Court. However, even if Anin had not been entitled to the hearing before an immigration judge, and if the reinstatement order of July 21, 2004 was a final removal order, Anin's petition was still premature as it was filed on November 2, 2004, less than six months post-removal order, which was signed in July 2004. Therefore, Anin could not have been detained for greater than six months from the date of that order at the time of his filing. See also Okpoju v. Ridge, 115 Fed. Appx. 302 (5th Cir. 2004)[3] (The district court properly denied Okpoju's claim regarding his continued detention as premature because he had not yet been in custody longer than the presumptively reasonable six-month post removal order period.)

## Conclusion

For the foregoing reasons, I find that there is no genuine

---

[3]This is an unpublished opinion. Under Fifth Circuit Court of Appeal Local Rule 47.5.4, unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, abuse of the writ, notice, sanctionable conduct, entitlement to attorney's fees, or the like). An unpublished opinion may, however, be persuasive.

issue of material fact and that the defendants are entitled to judgment as a matter of law. Anin's petition for writ of habeas corpus should be denied and dismissed with prejudice as premature because, if he was entitled to a hearing before the immigration judge, then he had not been in post-removal order detention in excess of six months at the time of the filing of his petition, and, if the July 2004 removal order was a final order, Anin had still not been in post-removal order detention in excess of six months at the time of the filing of his petition.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of _____, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE